**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (DAYTON)**

| | | |
|---|---|---|
| RONALD RAGAN, JR., | : | Case No. 3:26-cv-00045 |
| | : | |
| Plaintiff, | : | District Judge Michael J. Newman |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| | : | |
| REYNOLDS & REYNOLDS | : | |
| COMPANY, | : | |
| | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

This matter is before the undersigned Magistrate Judge for a review of Plaintiff's *pro se* Complaint. Because Plaintiff is proceeding *in forma pauperis* (*see* Doc. No. 2), the Court must screen his Complaint and dismiss any part of it that is frivolous or malicious; that fails to state a claim on which relief may be granted; or that seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court liberally construes the *pro se* Complaint, but will not construct claims for Plaintiff or speculate about facts he has not alleged. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Tulis v. Orange*, 686 F. Supp. 3d 701, 706 (M.D. Tenn. 2023).

To state a claim for relief, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must construe a complaint in plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether the complaint contains "enough facts to state a

claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). However, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555).

Plaintiff's Complaint is brief and somewhat cryptic. (Doc. No. 3.) He asserts that he developed a document called the "Guest Sheet" in the 1980s. (*Id.* at ¶ 11.) The Guest Sheet reportedly assists automotive dealerships in various ways. (*Id.*) Plaintiff sues Reynolds & Reynolds Company in this Court, he says, because "[m]aterials produced in W.D. Missouri Case No. 4:18-cv-01010[1] include dealership documents bearing Reynolds DMS identifiers." (*Id.* at ¶ 15.) It appears that Plaintiff filed this lawsuit to ensure that Defendant "preserve[s] all Guest-Sheet-related materials." (*Id.* at ¶ 23(a); *see also* ¶ 10 [Plaintiff "seeks prospective, preservation-related relief only"].)

---

[1] A 2024 decision from the Court of Appeals for the Eighth Circuit, affirming a decision in the cited Missouri case, provides some context: "Ragan claims he created a document called the Guest Sheet that purportedly helps car dealerships sell cars. The Guest Sheet consists of questions, prompts, headings, fill-in-the-blank lines, and checkboxes." *Ronald Ragan v. Berkshire Hathaway Auto., Inc.*, 91 F.4th 1267, 1269 (8th Cir. Feb. 2, 2024), *cert. denied*, 145 S. Ct. 453 (2024), *and affirming* No. 4:18-cv-01010, 2022 WL 22328934 (W.D. Mo. Mar. 10, 2022). An image of the Guest Sheet is included in the Eighth Circuit's opinion. That Court held that the Guest Sheet was not copyrightable. *Id.* The Complaint in this case does not use the term copyright. (Doc. No. 3.)

The Complaint contains two "Counts." (Doc. No. 3.) Count I seeks declaratory relief under 28 U.S.C. § 2201, and Count II seeks injunctive relief under Fed. R. Civ. P. 65. (*Id*. at PageID 16-17.) But neither Count describes an independent cause of action. Declaratory and injunctive relief are types of remedies, not causes of action. *See Acrisure, LLC v. Hudak*, 618 F. Supp. 3d 642, 650-651 (W.D. Mich. 2022) ("The Declaratory Judgment Act, 28 U.S.C. § 2201, does not provide an independent cause of action. A declaratory judgment is a remedy, not an independent claim.") (internal citations omitted); *Goryoka v. Quicken Loan, Inc.*, 519 F. App'x 926, 929 (6th Cir. 2013) ("The district court correctly found that [the requests for injunctive relief] are remedies and are not separate causes of action.").

Although Plaintiff includes a single reference in his Complaint to the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836 (*see* Doc. No. 3 at PageID 14), he does not attempt to state a claim thereunder. "To properly state a claim under the DTSA, 'a plaintiff must allege: (1) a trade secret; (2) misappropriation; and (3) use in interstate commerce.'" *Ronald Ragan v. Berkshire Hathaway, Inc.*, No. 4:21-cv-339, 2022 WL 22894950, at *5 (S.D. Tex. Apr. 1, 2022) (quoting *Marek Brothers Sys., Inc. v. Enriquez*, No. 3:19-cv-1082, 2019 WL 3322162, *3 (N.D. Tex. July 24, 2014) (citing 18 U.S.C § 1836)). The Complaint does not use these terms[2] and the brief facts laid out above do not state such a claim.

---

[2] With the exception of naming the statute and noting, in the "limited and non-merits," "procedural context" section that "Plaintiff has pursued related proceedings involving the same intake architecture, training systems, licensing history, and digital database derivatives in which preservation obligations, subpoena disputes, seated trade-secret materials, and CRM-based workflows have been litigated." (Doc. No. 3 at ¶ 8.)

In short, the Complaint fails to state a claim on which relief may be granted.[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The undersigned therefore **RECOMMENDS** that the Court **DISMISS** the Complaint in its entirety and without prejudice under 28 U.S.C. § 1915(e)(2).

Plaintiff may object to this recommendation as discussed in the section below. He is reminded to notify the Court if his mailing address changes while this case is pending.

**IT IS SO RECOMMENDED**.

*s/Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

**Notice Regarding Objections to this Report and Recommendation ("R&R")**

If any party objects to this R&R, the party may serve and file specific, written objections to it **within fourteen (14) days** after being served with a copy. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A District Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations

---

[3] The Court previously ordered Plaintiff to file a list of his previous cases, in part to provide context for the Court's analysis of the Complaint, but Plaintiff failed to comply with that Order. (Doc. No. 4.)

made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).