**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (DAYTON)**

| | | |
|---|---|---|
| RONALD RAGAN, JR., | : | Case No. 3:26-cv-00045 |
| Plaintiff, | : | |
| vs. | : | District Judge Michael J. Newman |
| | : | Magistrate Judge Caroline H. Gentry |
| REYNOLDS & REYNOLDS | : | |
| COMPANY, | : | |
| | : | |
| Defendant. | : | |

**ORDER**

Currently pending before the Court are two *pro se* motions filed April 27, 2026: (1) Plaintiff's motion for an extension of time to respond to the Court's March 10, 2026 Order (Doc. No. 6); and (2) Plaintiff's Motion for leave to file and receive documents in this case electronically (Doc. No. 8).

In the first motion (Doc. No. 6), Plaintiff asserts that he did not receive the Court's March 10, 2026 Order Concerning Other Cases (Doc. No. 4) by mail. That Order had instructed Plaintiff to provide a list of the other cases he filed in federal court dealing with the same facts as this case by March 30, 2026. (*See* Doc. No. 4.) Plaintiff filed this list along with his extension motion. (*See* Plaintiff's Response to Order Concerning Other Cases, Doc. No. 7 [listing 16 cases that "involve related subject matter but are distinct proceedings involving different parties, jurisdictions, and legal issues"].) Accordingly, Plaintiff's extension motion—construed as a motion for leave to file his untimely response to the March 10 Order *instanter*—is **GRANTED**. (Doc. No. 6.)

The undersigned notes that this decision to accept Plaintiff's response *instanter* does not change the central analysis within the pending Report and Recommendation, which was not based on Plaintiff's failure to respond to the Court's Order, but on the Complaint's failure to state a claim on which relief may be granted. (*See* Doc. No. 5 at PageID 22-23 ["In short, the Complaint fails to state a claim on which relief may be granted. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The undersigned therefore **RECOMMENDS** that the Court **DISMISS** the Complaint in its entirety and without prejudice under 28 U.S.C. § 1915(e)(2)."]; *see also* footnote 3 ["The Court previously ordered Plaintiff to file a list of his previous cases, in part to provide context for the Court's analysis of the Complaint, but Plaintiff failed to comply with that Order. (Doc. No. 4.)"].)

In the second motion pending before the Court (Doc. No. 8), Plaintiff asks for electronic filing privileges and electronic service. This Motion is **DENIED** in part and **GRANTED** in part. Generally, "[p]arties proceeding pro se are not permitted to file electronically." S.D. Ohio CM/ECF Procedures Guide, Section 1.1. However, "[a] pro se individual may apply to the assigned Judicial Officer for permission to electronically file documents." *Id*.; *see also* S.D. Ohio Civ. R. 83.5(b) ("If the Court permits, a party to a pending proceeding who is not represented by an attorney may register as a Filing User solely for the purposes of that action."). "[T]he grant of electronic filing privileges is a *privilege* granted to pro se litigants in the discretion of this Court." *Needham v. Butler Cnty. Jail*, No. 1:19-cv-294, 2019 WL 5883643, at *2 (S.D. Ohio Nov. 12, 2019) (emphasis added).

Upon consideration, the Court **DENIES** Plaintiff's request for electronic filing privileges but **GRANTS** Plaintiff's request for electronic service. (Doc. No. 8.) The Clerk of Court is **DIRECTED** to add Plaintiff's email address (found in Doc. No. 1-4 at PageID 10) to the docket so that he may receive electronic service through CM/ECF. Plaintiff may also find and monitor the status of this case via the federal courts' PACER Case Locator service, https://pcl.uscourts.gov/pcl/index.jsf.

Plaintiff may object to this Order consistent with Fed. R. Civ. P. 72.

**IT IS SO ORDERED**.

*s/Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge